Swing, J.
Reynolds brought his action in the court of common pleas alleging that on the 4th day of July, he purchased at South Lebanon, a station on the line of said Railway Company, > two round trip tickets from that station to Loveland, a station on the same road — one ticket for himself, and one for his eleven-year old son. That on the following day he went to the ticket office at Loveland and inquired of the ticket agent whether a train, which was then approaching would stop at South Lebanon, and was informed by said agent that it would, and further that it was the only train that would stop there that day. Thereupon, plaintiff boarded said train, and when about two miles out, the conductor asked for his fare, whereupon he tendered his said tickets; but the conductor refused to accept the same, and thereupon stopped the train and ejected the plaintiff and his son from the train. He alleged that the ejection was wrongful, and asked for damages in the sum of $1,000.
The case was tried to the court, a jury being waived, on an agreed statement of facts. In addition to the facts set *40 out in the petition, the substance of those in the agreement was as follows:
The tickets purchased by plaintiff were excursion tickets, and they provided that they were good only on trains stopping at South Lebanon and Loveland. That the train plaintiff boarded on the return trip was an express train, and that it did not stop, according to the schedule, at South Lebanon; that by the rules of the company, the conductor was forbidden to stop at said station, and that the ticket agent at Loveland" had no authority to stop said train at said station. That the train did not stop until it reached Morrow, a station some distance from South Lebanon, and that the conductor offered to take said tickets in payment of fare as far as South Lebanon, and demanded the difference in cash to Morrow; but plaintiff refused to pay the same, he having no money, and thereupon the conductor stopped the train about two miles from Loveland,and put the plaintiff and his son off. The place where they were put off was on an embankment in a corn-field,and plaintiff was compelled to walk from there to South Lebanon, a distance of about six-miles. Whether the plaintiff inquired of the ticket agent was not agreed upon, but it was agreed that he inquired of the person who was in charge of the ticket office at Loveland,, and was directed by him to take that particular train as the one stopping at South Lebanon. He made no inquiry before boarding the train, of the train men as to whether the train stopped at South Lebanon, neither was he asked by them as to his destination.
The learned judge of the court of common pleas on these facts found that the plaintiff had no cause of action against' the defendant, and dismissed his petition. The ground upon which said finding was made was, that the plaintiff had misconceived his remedy; that he had brought it in tort, while his right of action was for a breach of contract.
Was the court correct in this? We think not.
*41 In the first place, as said by Judge Gholson in the case of Baker v. Cincinnati in the 11 Ohio St., there is no magic in names, especially under our rules of pleading. Here the plaintiff set forth all the facts of the case. If the facts entitled him to a recovery, it could matter little whether he properly alleged which facts were the gist of his action.
Does ha state an action? We think he does. What is it?
His tickets entitled him to ride from Loveland to South Lebanon on a train stopping at the latter place. But he got on an express train which did not stop at South Lebanon. The conductor of this train could not stop the train at this point. His orders were positive. He had no discretion. At the same time, he could not carry plaintiff on his train to any point without paying his fare or producing a ticket. With this requirement plaintiff refused to comply, therefore there was nothing left for the conductor to do but to eject the plaintiff from the train; this he had a right to do. He did nothing but his duty, and the plaintiff can not complain of this. Therefore, when he alleges this ejection as the gravamen of his action, he is clearly in error.
But plaintiff was rightfully on the train. He made inquiry of the person in charge of the ticket office at Love-land before taking the train, as to whether it stopped at his station. In doing this, he acted as a prudent man should. He did what the company wanted and expected him to do. He inquired of the person that the company held out to him as the proper person to give such information. Therefore, he was placed upon this train, in effect, by the company itself. He was there without fault. He could not be at fault, when he obeyed the order of the company. But somebody had made a mistake,for the train did not stop at this station. The plaintiff did not make the mistake, and the company did. The mistake resulted in an injury to the plaintiff. *42 Why should he not recover? Clearly he should. But what does he recover for? The learned judge of the court of common pleas held that it should be for a breach of the contract. But how can this be? There was no refusal of the defendant to carry the plaintiff on trains stopping at South Lebanon, as agreed to in the contract, but there was a refusal to carry plaintiff to South Lebanon on an express train which did not stop at South Lebanon. There was no breach of contract in this; and he was put off of this train and, as we have found, rightfully. But we have found that he was wrongfully placed by the company, without fault on his part, on this train, and that he has the right to recover whatever damage may have resulted to him by reason thereof. Therefore, he has a cause of action. Wha't is it?
Similar actions have given rise to considerable discussion as to the nature of such actions, and there has been a conflict- of decisions on the question, especially in England. But under our rules of pleading, we do not regard such distinctions as of vital importance. In a recent cause decided by the Supreme Court of Minnesota, reported in the 50 N. W, Rep. at p. 1021, in a like case, the court we think correctly states the distinction and gives the correct rule.
The court there say:
“Inasmuch as the conductor did nothing but what he would have a right to do, had plaintiff had no right to ride on the ticket, it is evident that plaintiff could not have maintained the action at all without pleading and proving his contract with -the defendant and its breach, either by malfeasance, or non-feasance. In other words, an action could not have been maintained for a tort simply without reference to the contract between the partise. In that sense it is an action arising on the'contract. But it is not an action on the contract properly so called. The gist or gravamen of it is a tortious act which constituted a breach of the contract. It is what is sometimes called “an action for tort founded on contract, or an action ex quasi contractu.” In considering the measure of damages and the elements of *43 damage proper to be considered, the courts in this country have almost universally treated such actions as sounding in tort. * * * Mr. Sedgwick in his work on Damages, sec. 868, remarks the practical effect of it has been virtually neutralized in most jurisdictions by holding, as already stated, that actions like the present sound in tort. But it seems to us that very often a great deal of time and learning have been unnecessarily expended in discussing the exact nature of such an action. ”
In our judgment, therefore, plaintiff stated and proved a cause of action; that his action was not, strictly speaking,an action on the contract, but was an action founded upon a contract, sounding in tort, and the court of common pleas erred in finding that plaintiff had not stated a cause of action which was sustained by the agreed statement of facts, and in dismissing plaintiff’s petition, and the cause is reversed and remanded for further proceedings.
(Affirmed by Supreme Court, December 15th, 1896, 35 W. L, B. 326; reported.)